UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLEVERN GRANGER

VERSUS

BABIN ET AL

CIVIL ACTION

NO. 12-628-JJB

**RULING ON PLAINTIFF'S MOTIONS IN LIMINE**

These matters are before the Court on several motions in limine. The first is a motion in limine (doc. 27) regarding comparative fault. Defendants have filed an opposition (doc. 34), to which the Plaintiff has replied (doc. 38). The second is a motion in limine (doc. 28) to suppress testimony and evidence regarding inmate witnesses. This motion is unopposed. The third and final motion is a motion in limine (doc. 29) to suppress testimony and evidence. The Defendants have filed an opposition (doc. 35), to which the Plaintiff has replied (doc. 38). Oral argument is unnecessary. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

1. Motion in Limine Regarding Comparative Fault (doc. 27)

Plaintiff seeks to exclude "any questioning, comments, charges, interrogatories or other mention by Defendants that may in any manner suggests that Mr. Granger may share any comparative fault in this matter." While the Plaintiff is correct that comparative fault may not be used to mitigate damages should the Defendants be found liable, the Court finds that the Plaintiff's request to exclude all evidence tending to show comparative fault too broad in that it may exclude otherwise admissible evidence. Therefore, should it come up, this issue will be addressed at trial and handled according to the applicable Federal Rules of Evidence and governing law.

2. Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses (doc. 28)

1

As to this motion, the Plaintiff is seeking to suppress the facts of any convictions and the nature of the crime underlying the conviction for inmates called to testify in this matter. (Doc. 28). Rule 609 of the Federal Rules of Evidence permits "attacking a witness's character for truthfulness" through "evidence of a criminal conviction for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," subject to Rule 403 of the Federal Rules of Evidence. FED. R. EVID. 609(a)(1). Additionally, Rule 609 allows the admission of evidence of a criminal conviction to attack a witness's character for truthfulness "for any crime regardless of the punishment," provided "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." FED. R. EVID. 609(a)(2). These provisions are also subject to the requirements in subdivision (b) of Rule 609, which provide certain admissibility rules that are applicable depending on the timing of the conviction. *See* FED. R. EVID. 609(b).

Since the Plaintiff does not provide the Court with specific information about the prior convictions that may be admitted, the Court declines to issue such a broad prohibition that may work to foreclose the entry of admissible evidence. Instead, the Court will rule on the admissibility of evidence concerning a witness's convictions as the issue arises at trial and in accordance with Rule 609 and other relevant provisions of the Federal Rules of Evidence.

3. Motion in Limine to Suppress Testimony and Evidence (doc. 29)

Finally, the Plaintiff seeks to exclude evidence of the nature and facts concerning his criminal conviction and disciplinary record while incarcerated, arguing that they provide little probative value and will only serve to prejudice him in the eyes of the jury. In response, Defendants focus on the Plaintiff's request to exclude facts concerning his disciplinary record,

arguing that such facts, contained in disciplinary reports, are relevant to evaluating the Plaintiff's excessive force claim.

As the Court has previously found as it pertained to the admissibility of inmate witnesses' criminal convictions, the Court declines to determine the admissibility of evidence concerning the Plaintiff's prior criminal conviction as it is unclear at this time if it may be admissible under the applicable Federal Rules of Evidence.

Similarly, the Court will decline to determine the admissibility of evidence concerning disciplinary matters, including disciplinary reports. Disciplinary reports prepared by security officers are out-of-court statements that if used to prove the truth of the matters asserted therein, constitute hearsay under Rule 801(c) of the Federal Rules of Evidence. That said, they may be admissible under the exception to the hearsay rule provided in FRE 803(8)(C), which allows for the admission of "factual findings resulting from an investigation made pursuant to authority granted by law." However, this exception does not apply if "the sources of information or other circumstances indicate lack of trustworthiness." Since the Court has not been supplied with these reports, it is unable to make a "trustworthiness" determination. Therefore, this issue will be addressed at trial and handled in accordance with the applicable Federal Rules of Evidence and governing law.

Accordingly, the Plaintiff's motions in limine (docs. 27, 28, & 29) are deferred until trial.

Signed in Baton Rouge, Louisiana, on January 13, 2014.

```
_____
     JUDGE JAMES J. BRADY
     UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF LOUISIANA
```