UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLEVERN GRANGER

VERSUS

CAPTAIN PERCY BABIN, ET AL

CIVIL ACTION

NO. 12-628-JJB-SCR

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion (doc. 41) for Summary Judgment brought by Defendants, Captain Percy Babin, Master Sergeant Tyrone Kilbourne, Major Douglas Stroughter, Colonel John Smith, Sergeant Otto Kilbourne, and Warden Steve Radar. Plaintiff, Clevern Granger, has filed an opposition (doc. 44), to which Defendants have filed a reply (doc. 47). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, Defendants' Motion (doc. 41) for Summary Judgment is GRANTED in part and DENIED in part.

**I.     Background**

Clevern Granger ("Granger") is an inmate incarcerated at the Dixon Correctional Institute ("DCI"). Doc. 41-2, at ¶ 23. He has been housed at DCI since October 2011. *Id.* Granger's suit arises out of an incident that occurred on November 22, 2011 while Granger was confined to DCI. *Id.* at ¶ 1. Granger alleges that he sustained injuries at the hands of several correctional officers made defendants in this suit. The exact circumstances surrounding this incident, and whether there was justification for the alleged use of force, are still in dispute as shall be discussed below. That said, it is undisputed that on November 22, 2011, Granger received medical care after the incident between himself and prison personnel. Doc. 41-2, at ¶ 22. The medical records reveal that Granger suffered mild swelling and small bruises. Doc. 41-11, Ex. I, at 4 & 8. After the incident, Granger filed an Administrative Remedy Procedure ("ARP")

requesting relief for the injuries that he suffered during the incident. Doc. 41-15, Ex. M, at 8. He received both a First and Second Response in which prison administration denied his requested relief. *Id.*, at 3-7. As a result of the incident, Granger was found guilty of violating Rule 3 for defiance and Rule 5 for aggravated disobedience, decisions he subsequently appealed. Doc. 41-4, Ex. B.

As a result of the events of November 22, 2011, Granger filed the present suit seeking relief pursuant to 42 U.S.C. § 1983 and various Louisiana state laws, rules, and regulations. Specifically, he asserts the following claims: (1) use of excessive force in violation of the Eighth Amendment of the U.S. Constitution against several correctional officers; (2) supervisory liability against Warden Radar; and (3) violation of prison policies under several state law, rules, and regulations.

Defendants aver that they are entitled to summary judgment on all of Granger's claims. They contend that summary judgment should be granted for the following reasons: (1) Granger's excessive force claim fails because his minor injuries are insufficient to substantiate an excessive force claim and he has failed to prove causation; (2) Granger is barred from bringing a supervisory liability claim because he failed to administratively exhaust this claim; (3) a violation of prison policies is not actionable under § 1983; and (4) Defendants are entitled to qualified immunity.

II. **Summary Judgment Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at

trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

**III. Discussion**

Before devoting its attention to the claims presented on summary judgment, it is important to make two things clear. First and foremost, it is important to clearly articulate which claims have been asserted and/or pursued by Granger and therefore, are presently before the Court. While the Defendants seek to have claims for liability imposed upon Warden Radar under a theory of *Respondeat Superior*, deliberate indifference to medical needs, and retaliation on the basis of Granger filing an ARP and engaging in the administrative process dismissed,

3

Granger avers that he has not asserted these claims. Therefore, they are not before the Court and will not be addressed.

Second, it is important to identify the evidence presented that the Court did not consider in making its ruling. Defendants challenge Granger's reliance upon: (1) the affidavit of Durwin Abbot; (2) the statement of Gavin Taylor; (3) a summary of Granger's medical records; and (4) excerpts of Warden Radar's deposition testimony from another lawsuit. Defendants assert that such evidence would be inadmissible at trial and/or is irrelevant to the present proceedings. The Court agrees. While the Defendants correctly assert that the document marked "Affidavit" of Durwin Abbot is not a valid affidavit, it could be considered a declaration. Under the current version of Rule 56 of the Federal Rules of Civil Procedure, a court can consider a declaration at the summary judgment stage, provided it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the . . . declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Furthermore, these declarations must comply with 28 U.S.C. § 1746, which requires, *inter alia*, "If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746(2). Nevertheless, the Court will not consider the declaration of Durwin Abbot as it fails to meet the declaration requirement by omitting to contain a date. Furthermore, the content of the declaration is irrelevant to the Court's determination. Similarly, the Court will not consider the statement of Gavin Taylor as it fails to meet the abovementioned requirements. More important, the date of Taylor's account is one month prior to the incident at issue here. With regard to summary of medical records, the Court will not consider an uncertified, unverifiable medical

record. Finally, the Court will not consider the deposition testimony of Warden Radar as it concerns a different case than the one presently before the Court.

### A. Excessive Force Claim

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners, including using excessive force. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Whenever prison officials stand accused of using excessive physical force . . ., the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). The Fifth Circuit previously provided the following with regards to excessive force claims in the prisoner context:

> Several factors are relevant in the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's eighth amendment right to be free from cruel and unusual punishment. These include:
> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between the need and the amount of force used;
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (citing *Hudson*, 962 F.2d at 523).

The Defendants' primary claim is that Granger cannot present sufficient evidence to prove that excessive force was used on November 22, 2011. Specifically, the Defendants argue that no excessive force was used, any force used was done so in a reasonable manner to restore order, and in any event, Granger's injuries were too minor to support a constitutional violation. The Court begins by addressing the third argument before turning its attention to the first two arguments below. While the extent of the injury suffered is relevant to the excessive force inquiry, it is not dispositive. *Hudson*, 503 U.S. at 7. Indeed, neither the Fifth Circuit nor the Supreme Court has endorsed an arbitrary threshold that a plaintiff must satisfy in order to

maintain an excessive force claim. *See Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006) (relying upon *Hudson*, 503 U.S. 1) ("This Court has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an excessive force claim[.]"). Therefore, Granger's injuries may substantiate his excessive force claim.

Viewing the excessive force claim *in toto*, the Defendants and Granger paint two vastly different portraits of the day's events. The Defendants characterize the incident as one in which officers responsibly removed an irate inmate from a heavily trafficked area of the prison to a quiet place to reduce tension and allow the inmate the opportunity to calm himself down. According to the Defendants, the incident began when Granger attempted to return his cup to his dormitory. *MSgt. Marcello Aff.*, Doc. 41-3, p. 1. Granger was met by MSgt. Marcello who gave him direct orders not to enter into his dorm as the dorms were closed for daily cleaning. *Id.* Granger responded to these direct verbal orders by attempting to push past MSgt. Marcello to enter into the closed dorms. *Id.* At this point, Granger made physical contact with MSgt. Marcello. *Id.* This physical contact prompted MSgt. Marcello to activate his beeper to request assistance. *Id.* MSgt. Kilbourne, Major Stroughter, Colonel Smith, and Sgt. Kilbourne responded to the beeper alert. *Id.* Granger remained agitated and upset when the other officers arrived. *Id.* The decision was made to remove Granger from the heavily trafficked bullpen into the major's office to give Granger an opportunity to calm down. *Major Stroughter Aff.*, Doc. 41-5, at 1-2. While the Defendants admit that they placed handcuffs on Granger, they maintain that they were used after he had calmed down and only to escort him to administrative segregation. *Id.* at 2. Defendants also maintain that they used words to calm him down and refute that they hit, kicked, or punched him. *Id.* at 2. Granger, by way of his deposition testimony, tells a different story.

While Granger agrees that the incident began as he was attempting to enter his dorm to return his cup, this is the extent of the parties' agreement concerning the events of that day. Granger maintains that MSgt. Marcello did not tell him that the dorms were closed for cleaning. *Granger Depo.*, Doc. 44-9, 15:15-24. Granger also denies that he attempted to push past MSgt. Marcello or that he actually pushed MSgt. Marcello. *Id.* at 17:14-16; 18:24-19:1. Instead, Granger testified that MSgt. Marcello ran in front of him and pushed him. *Id.* at 19:1-9. At this time, MSgt. Marcello activated his beeper to request backup. *Id.* at 19:11-14. Granger acknowledged that the four officers that the Defendants listed responded to the alert, but insists that Captain (now Major) Babin was also present. *Id.* at 20:9-14. Granger states that once he saw Major Stroughter, he calmly attempted to report MSgt. Marcello for pushing him. *Id.* at 24:14-25:16. Instead of listening, he was placed in restraints and led into the major's office. *Id.* at 26:1-13. Once behind the closed doors of the major's office, Major Stroughter, Colonel Smith, MSgt. Kilbourne, Sgt. Kilbourne, and Captain Babin proceeded to repeatedly punch and kick Granger in his buttocks, head, chest, and side. *Id.* at 26:1-34:19. The entire incident in the major's office lasted approximately a minute. *Id.* at 36:10-22. After the incident, he was led to the cellblocks by an officer not made a party to this suit. *Id.* 39:1-7.

As is readily apparent, the evidence paints two vastly different pictures of the events that occurred on November 22, 2011. According to the Defendants, Granger's insubordination prompted the reasonable and necessary response of restraining him and removing him to a quiet location where he could calm down. However, Granger's deposition testimony shows that he was brought into a secluded room where he was beaten and kicked by several officers. As aforementioned, the court looks at the evidence in the light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. Furthermore, the court will

7

not make credibility determinations regarding conflicting evidence at the summary judgment stage, as that is the province of the jury. *See Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993) ("In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence."). Accordingly, looking at the evidence in the light most favorable to the plaintiff, this Court finds that there are genuine issues of material fact as to the events on November 22, 2011, and thus, granting summary judgment for the Defendants as to the excessive force claim would be improper.

### B. Supervisory Liability Claim

The Defendants correctly assert that Granger's § 1983 claim against Warden Rader for supervisory liability must be dismissed for Granger's failure to exhaust this claim. Under the Prison Reform Litigation Act ("PRLA"), all plaintiff inmates must administratively exhaust their claim before litigating it in federal court. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Granger did not file an ARP his supervisory liability claim and therefore, failed to administratively exhaust this claim. Accordingly, the supervisory liability claim is dismissed without prejudice.

### C. Claim Based Upon a Violation of Prison Policies

Granger has identified La. R.S. 15:829, as well as several prison policies, that he avers precludes the use of corporal punishment to discipline inmates. The Defendants correctly assert, that without more, an alleged violation of a state law, regulation or procedure is not cognizable under § 1983. *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations

of federal statutory and constitutional rights."). Accordingly, the claim based upon alleged violations of prison policies is dismissed.[1]

### D. Qualified Immunity

In their motion, the Defendants argue that they are entitled to qualified immunity for their actions. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The Supreme Court has characterized the doctrine as protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 284 (5th Cir. 2002) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Courts must apply "a two-step analysis to determine whether a defendant is entitled to summary judgment on the basis of qualified immunity." *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). First, the court must "determine whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights." *Id.* If so, the court next considers "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* at 411. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Glenn v. City of Tyler,* 242 F.3d 307, 312 (5th Cir. 2001) (quoting *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)). The court "must evaluate an officer's use of force 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Poole v. City of*

---

[1] From the Court's vantage point, it appears as though any claim based upon the state's prohibition against corporal punishment would be subsumed into the excessive force claim.

*Shreveport*, 691 F.3d 624, 627−28 (5th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Similar to the denial of summary judgment as to the excessive force claim, the Court must also deny summary judgment with regards to the Defendants' assertion that they are entitled to qualified immunity for their actions. In the Court's view, there are critical differences between the evidence presented by the parties, with one side presenting evidence that the officers' actions were reasonable and justified, and the other side presenting evidence of an attack on the Plaintiff. Accordingly, there are genuine issues of material fact regarding whether there initially was a violation of clearly establish constitutional rights, and even if there was, whether the Defendants' conduct was objectively reasonable under the circumstances. Therefore, summary judgment must be denied as to the Defendants' qualified immunity claim.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion (doc. 41) for Summary Judgment is GRANTED in part and DENIED in part. Granger's excessive force claim may proceed to trial. All other claims are DISMISSED.

Signed in Baton Rouge, Louisiana, on May 27, 2014.

**JUDGE JAMES J. BRADY**  
**UNITED STATES DISTRICT COURT**  
**MIDDLE DISTRICT OF LOUISIANA**