UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLEVERN GRANGER

CIVIL ACTION

VERSUS

NO. 12-628-JJB-SCR

CAPTAIN PERCY BABIN, ET AL.

**RULING ON DEFENDANTS' MOTIONS IN LIMINE**

Defendants have filed two Motions in Limine with this Court. The first motion is to exclude the testimony of inmate-witnesses named by plaintiff (doc. 52). The second motion is to limit or exclude the exhibits listed by plaintiff (doc. 55).

1. Motion in Limine: To exclude testimony of inmate witnesses (doc. 52)

Defendants filed a Motion in Limine to exclude the testimony of a number of plaintiff's named inmate-witnesses (doc. 52). In plaintiff's proposed pretrial order these witnesses were listed as giving testimony as to "Pattern and Practice of brutality" (doc. 48, p. 15). Defendants urge that this testimony be excluded on the grounds that the testimony is irrelevant, unfairly prejudicial to defendants, and prohibited character evidence (doc. 52-1, p. 1).

Defendants additionally assert that these witnesses were not listed in response to interrogatories during discovery (doc. 52-2, p. 1-2). The attached interrogatory responses from plaintiff show only Darrol Thompson was listed as an inmate witness (doc. 52-2, p. 1). However, plaintiff provides the Court with an exhibit of plaintiff's 26(a) initial disclosures that list nearly all of the inmate-witnesses that defendants now seek to exclude (doc. 54-1, p. 1-2). The only inmate-witness who is not listed in the initial disclosure is Ellis Jenkins (doc. 54-1, p. 1-2).

Defendants urge that since the dismissal of both Warden Rader and the claim that he failed to train his subordinates, these claims of and the inmate-witnesses listed as testifying to a pattern or practice of brutality are no longer relevant (doc. 52-1, p. 2). In addition to urging that

the testimony of these inmate-witnesses is not relevant, defendants find that such testimony "would only waste time, confuse the issues of this case and mislead the jury" in contravention to Rule 403 of the Federal Rules of Evidence. Plaintiff, in opposition, points to the standard of "deliberative indifference," which, in order to be satisfied, often requires plaintiff "show a pattern of violations and that the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation (doc. 54, p. 2-3). In reference to "deliberative indifference" plaintiff cites to *Brown v. Callahan*, 623 F.3d 429 (5th Cir. 2010) where the relevant claim was that Sheriff Callahan maintained "an unconstitutional policy of deliberate indifference to detainees," and on review the Fifth Circuit found insufficient evidence of deliberate indifference, reversing the lower court. *Id.* at 252. *Callahan* referenced the standard of "deliberate indifference" as stated in *Hare v. City of Corinth, Miss.*, 74 F.3d 633 (5th Cir. 1996). In *Hare*, the Court considered when the standard of deliberate indifference is relevant: "The Supreme Court, in clarifying the scope of convicted prisoners' Eighth Amendment rights, has consistently held that liability for *inaction* attaches only when a prison official's *failure to act* amounts to *deliberate indifference* to the prisoner's rights." *Hare*, at 640 citing to *Farmer*, 114 S.Ct. at 1977 (emphasis added). In the instant case, the plaintiff's claims against the defendants do not allege defendants' failure to act, but instead that defendants acted with excessive force (doc. 1). The deliberate indifference standard, seemingly appropriate where a prison official's failure to act is at issue, has no relevance here with claims against officers for using excessive force.

Plaintiff's second argument for why the inmate-witnesses' testimony is relevant is related to plaintiff's claim for punitive damages (doc. 54, p. 4). Plaintiff cites to the factors from *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 as authority for why proof of a pattern of brutality is

relevant to claim for punitive damages under § 1983. *Gore* itself was not a § 1983 case. The Fifth Circuit in *Cooper v. Morales* relied on *Gore* only for a determination of whether punitive damages awarded by a jury were "constitutionally excessive." 535 Fed.Appx. 425, 432. The Fifth Circuit was not considering what type of evidence the plaintiff may use to support a claim for punitive damages. The Court considered the *Gore* factors and the issue of whether the defendant's conduct was part of repeated action or an isolated event only to determine the "degree of reprehensibility of the defendant's action." *Cooper*, at 432 (citing to *Gore*, 517 U.S. at 575). The degree of reprehensibility was then only used to determine if the punitive damages awarded were excessive. *Id*. Neither *Gore* nor *Cooper* considers what evidence is appropriate to support a claim for punitive damages. Therefore, neither provides authority for why inmate-testimony regarding an alleged pattern of brutality is relevant in this case about one incident of alleged excessive force on November 22, 2011. Further, *Cooper*, even if it were relevant, is a *per curiam* decision, not to be treated as precedent according to the 5th Cir. R. 47.5.4.

Finally, "[i]n *Smith v. Wade*, the Supreme Court held that a jury may award punitive damages in a federal civil rights action based on 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Lincoln v. Case*, 340 F.3d 283, 291 (5th Cir. 2003) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Still, in the case before us the only plaintiff is Mr. Granger, and this Court has only looked at the incidents that allegedly occurred on November 22, 2011. In addition to the inmate-witnesses' testimony of an alleged pattern of brutality being irrelevant, such testimony would violate Rule 404(b) of the Federal Rules of Evidence as inadmissible character evidence (doc. 52-1, p. 2-3). This evidence is irrelevant and would do more to distract the jury by suggesting defendants' prior bad acts tend to prove

defendants committed the bad acts alleged on November 22, 2011. This Court fails to see how the inmate-witnesses' testimony about alleged prior incidents goes to prove that the officer-defendants specific conduct on November 22, 2011 was in any way motivated by evil motive or intent, or involved reckless or callous indifference to the federal protected rights of the plaintiff. *Id.* (quoting *Smith*, 461 U.S. at 56).

2. <u>Motion in Limine: To exclude or limit Plaintiff's exhibits (doc. 55)</u>

First, defendants seek exclusion of all medical records except those from November 22, 2011, the day of the alleged incident. Defendants urge that medical records from before and after the date of the alleged incident are irrelevant (doc. 55-1). There is no disagreement from plaintiff regarding the medical records from before the incident (doc. 56, p. 1-2). However, plaintiff urges that post-incident medical records are relevant to show the degree of Mr. Granger's injury, which is necessary to prove excessive force was used on the day at issue (doc. 56, p. 1-2). This Court finds defendants request to exclude all medical records except those from the date of the alleged incident overly broad.

Next, defendants seek to exclude a "Medical Records Summary" because the summary is not authenticated and is unfairly prejudicial and cannot be verified as to its origins (doc. 55-1, p.2). The plaintiff does not raise any objections to excluding the "Medical Records Summary" in his opposition to defendants' Motion in Limine (doc. 56). The admissibility of the "Medical Records Summary" shall be addressed when necessary at trial.

Defendants seek to exclude plaintiff's exhibit "DHH medical lien" as it is not authenticated, not relevant, and unfairly prejudicial (doc. 55-1, p. 3). Defendants were not yet provided with such a lien. Plaintiff acknowledges that a "DHH statutory lien" has not yet been received, but has been requested (doc. 56, p. 3). Plaintiff indicates that if a "DHH statutory lien"

is provided, then the most current will be produced at trial. At this point, the Court has no evidence to rule on as the existence of a DHH medical lien is still in question. The admissibility of the lien is deferred until trial.

Defendants seek to exclude plaintiff's Administrative Remedy Procedure (ARP). The plaintiff does not raise any objection to excluding the ARP in his opposition to defendants' Motion in Limine (doc. 56). The admissibility of plaintiff's Administrative Remedy Procedure is deferred until trial.

Plaintiff's Pretrial Order also lists defendants' statements and discovery responses. Defendants seek to exclude these statements as inadmissible hearsay, not subject to any hearsay exception. The admissibility of defendants' statements and discovery responses are deferred until trial.

Defendants argue for the exclusion of plaintiff's exhibits 6 and 9 because these documents are irrelevant, a waste of time, and will confuse the issues and mislead the jury. Exhibits 6 and 9 include the Louisiana Department of Public Safety and Corrections, Disciplinary Rules and Procedures for Adult Offenders, as well as, Correction Services Health Care Policies, respectively. Defendants correctly refer to this Court's ruling on defendants' Motion for Summary Judgment stating "without more, an alleged violation of state law, regulation or procedure is not cognizable under § 1983" (doc. 49, p. 8). Accordingly, the Court dismissed claims based on alleged violations of prison policies (doc. 49, p. 9). The plaintiff urges that the disciplinary rules are relevant to punitive damages. The admissibility of these two manuals is deferred until trial.

Defendant moved to exclude several more of plaintiff's exhibits: Employee Manual, Department Regulation, a portion of the Employee Manual and the state statute of La. R.S.

15:829, exhibits 7, 10, 11, and 12, respectively, as irrelevant, a waste of time, and likely to confuse the issue and mislead the jury (doc. 55, p. 4). Defendant again points to the fact that no state law claims remain in this case, and the only remaining claim is a § 1983 claim for excessive force. Plaintiff, again urges that these exhibits are relevant to establishing punitive damages. The Court defers ruling on the admissibility of these exhibits until trial.

Considering defendants' Motions in Limine to exclude the testimony of inmate witnesses (doc. 52) and to limit or exclude plaintiff's exhibits (doc. 55);

**IT IS HEREBY ORDERED** that the Motion in Limine to exclude the testimony of inmate witnesses is GRANTED and the Motion in Limine to limit or exclude a number of plaintiff's exhibits is DEFERRED until trial. Therefore, should the deferred issues arise at trial, they will be handled according to the applicable Federal Rules of Evidence and governing law.

Signed in Baton Rouge, Louisiana, on August 25, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**